IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**PRICE THOMPSON,**

    Petitioner,

v.                                                **Civil Action No. 5:23-CV-217**
                                                     Judge Bailey

**WARDEN RAY,**

    Respondent.

## ORDER GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Pending before this Court is respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 12] and accompanying Memorandum of Law in Support [Doc. 12-1], filed August 9, 2023. Following an extension, petitioner filed a Response [Doc. 18] on September 8, 2023. Accordingly, this matter is ripe for adjudication. For the reasons contained herein, the Motion will be granted.

## BACKGROUND

Petitioner is a BOP inmate currently designated to FCI Hazelton in Bruceton Mills, West Virginia. In his petition, petitioner requests this Court award him credit towards his sentence from April 19, 2018 to March 10, 2020, or, alternatively, from August 23, 2016 to March 10, 2020. *See* [Doc. 1 at 8]. However, petitioner was not sentenced in the United States District Court for the Eastern District of Michigan until March 10, 2022. Accordingly, this petition must be dismissed.

1

## **LEGAL STANDARD**

"A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way." **Newsome v. Williams**, 2016 WL 11431790, at *2 (N.D. W.Va. May 26, 2016) (Trumble, MJ), *report and recommendation adopted in* **Newsome v. Williams**, 2016 WL 4153615 (N.D. W.Va. Aug. 5, 2016) (Groh, CJ) (quoting **Laughlin v. Metro. Washington Airports Auth.**, 149 F.3d 253, 260 (4th Cir. 1998)).

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint or pleading. **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007). In assessing a motion to dismiss, a court may consider public records, "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice," or sources "whose accuracy cannot reasonably be questioned." **Katyle v. Penn National Gaming, Inc.**, 637 F.3d 462 (4th Cir. 2011). This includes documents filed in prior court proceedings. See **Walker v. Kelly**, 589 F.3d127 (4th Cir. 2009).

Federal Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." **Newsome v. Williams**, 2016 WL 11431790, *supra*, (quoting Fed. R. Civ. P. 12(d)). The Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *Id.* (quoting **Sec'y**

2

*of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Rule 56(e) of the Federal Rules of Civil Procedure provides that "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must– by affidavits or as otherwise provided in this rule– set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

Rule 56 further provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has

met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A *pro se* party's pleadings are generally construed more liberally and held to a less stringent standard than pleadings drafted by an attorney. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, even under that deferential standard, this Court can "pierce the veil of a complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## DISCUSSION

As an initial matter, the petition should be dismissed because BOP properly computed petitioner's sentence and petitioner is not entitled to the credit he requests. After a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). "The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody." See *United States v. Montez-Gaviria*, 163 F.3d 697, 700–01 (2d Cir. 1998); see also 18 U.S.C. § 3585(a). Computation of a federal sentence is a two-step process. First, a court must determine when the federal sentence commenced. See *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). Second, if applicable, the court

4

must consider "whether a defendant can receive credit for time spent in custody prior to the commencement of the sentence." *Id*.

Here, petitioner requests the aforementioned jail credit because the United States District Court for the Eastern District of Michigan ordered his federal sentence to run concurrently with his state sentence. However, BOP claims it is unable to award petitioner the credit he requests because petitioner was in primary state custody during those times. *See* [Doc. 12-1 at 7–8].

Notwithstanding petitioner's objections [Doc. 18], this Court can certainly understand petitioner's frustrations having had the sentencing court recommend his federal sentence to run concurrently with his stint in state custody. But such recommendation is not binding on BOP, and it does not entitle petitioner to the relief he seeks in the pending petition.

## CONCLUSION

Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 12**] is **GRANTED**, and the petition [**Doc. 1**] is **DENIED AND DISMISSED**. The Clerk is instructed to strike this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to petitioner.

DATED: September 12, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**